UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA BANCROFT,** | ) | CASE NO. 1:12CV1499 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **AFNI INCORPORATED,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #10) of Defendant, Afni Incorporated ("Afni"), for Summary Judgment. For the following reasons, the Court grants Defendant's Motion as to all of Plaintiff's claims.

### I. BACKGROUND

Plaintiff, Cynthia Bancroft ("Bancroft"), is a resident of Cleveland Ohio; and Afni is a debt collection agency incorporated in Illinois, that does business in Ohio. Plaintiff alleges Afni violated the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. §§ 1692d, 1692d(5), and 1692e(5).

Plaintiff owed Direct TV $185.00. Plaintiff is blind and disabled. Her only income consists of Social Security disability payments. Afni called Bancroft to collect the debt owed to Direct TV. Plaintiff admits she failed to pay the balance of the account and is unable to pay the alleged debt.

Plaintiff explains that the collection calls started several months prior to, and ended in April, 2012. During that time period, Plaintiff alleges she received "continuous calls" from three different debt collection agencies – Asset Acceptance, Enhanced Recovery, and Afni. Additionally, she alleges the calls were made with the intent to harass, and that she notified the debt collector that she was unable to pay the debt. Plaintiff states in the Complaint: "Defendant has placed daily collection calls to Plaintiff from telephone number 301-223-0073." (ECF DKT # 1, at p.2). The telephone number 301-223-0073 belongs to Asset Acceptance. (ECF DKT # 10, at p.6).

Plaintiff filed her Complaint on June 6, 2012. Defendant filed its Motion for Summary Judgment as to all claims on October 18, 2012. Plaintiff filed her Response Brief on November 16, 2012, and Defendant filed a Reply Memorandum on December 3, 2012.

## II. STANDARD OF REVIEW

**Civil Rule 56 Standard**

A summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F. 3d 1339, 1347 (6th Cir.1994). The moving party must do so

by either pointing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or by "showing that the materials cited ( by the adverse party ) do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n*, 78 F.3d 1079, 1087 (6th Cir.1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Bias v. Advantage*, 905 F.2d 1558, 1563 (D.C.Cir. 1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477

U.S. at 251-52).

## III. ANALYSIS

### A. The Fair Debt Collection Practices Act

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

As the Sixth Circuit has stated in *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009), "[t]hese provisions sweep with "'extraordinar[y]' breadth," quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992), "and call for 'strict liability, ... meaning that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages,'" quoting *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir.2007).

The Sixth Circuit has adopted the "least-sophisticated-consumer" test when determining whether a statement by a debt collector violates the FDCPA. *Kistner v. Law Offices of Michael P. Margelefsky LLC*, 518 F.3d 433, 438-39 (6th Cir.2008). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed. App'x. 24, at *28 (6th Cir. 2007), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993). "This effort is grounded, quite sensibly, in the assumption that consumers of below-average sophistication or intelligence are especially vulnerable to fraudulent schemes." *Gionis*, at *28 quoting *Clomon*, at 1319. "This standard 'protects naive consumers [while] prevent[ing]

liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"  *Miller* at 592, quoting *Kistner* at 438-39.  "Stated differently, we will not 'countenance lawsuits based on frivolous misinterpretations or nonsensical interpretations of being led astray.'"  *Id.*, quoting *Jacobson v. Healthcare Fin. Servs. Inc.*, 434 F.Supp.2d 133 (E.D.N.Y.2006).  This objective standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."  *Smith v. Compute Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir.1999).

### **B. Plaintiff's Allegations**

Plaintiff alleges Defendant violated 15 U.S.C. §§ 1692d and 1692d(5).  Sections 1692d and 1692d(5) read:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ...
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d, 1692d(5).

In order to survive summary judgment, Plaintiff's evidence must create a genuine issue of material fact pertaining to an essential element of the case.  The lack of evidence in the present case shows summary judgment is appropriate for three reasons.  First, Plaintiff offers insufficient evidence to support her allegations in the Complaint.  Second, Defendant's alleged daily telephone calls do not necessarily constitute harassment,

oppression, or abuse under the FDCPA, 15 U.S.C. § 1692d.  Third, Plaintiff fails to show Defendant's actions were done "with the intent to annoy, abuse, or harass," as required by 15 U.S.C. § 1692d(5).

### 1. Plaintiff offers insufficient evidence to create a genuine issue of material fact under 15 U.S.C. §§ 1692d or 1692d(5).

Plaintiff has not produced enough evidence to create a genuine issue of material fact.  As stated above, the burden falls upon the nonmoving party to "designate specific facts or evidence in dispute."  *See Anderson*, 477 U.S. at 249-50.  Here, Plaintiff fails to provide evidence that Defendant engaged in "any conduct the natural consequence of which is to harass, oppress, or abuse," by "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass."  15 U.S.C. §§ 1692d, 1692d(5).

In *Saltzman v. I.C. System*, which this Court finds persuasive, the United States District Court, Eastern District of Michigan held that the FDCPA does not prohibit legitimate attempts to contact a debtor.  Therefore, in order to survive summary judgment, the non-moving party must show evidence that the creditor acted in a manner beyond attempting to contact the debtor.  *Saltzman v. I.C. System, Inc.*, No. 09-10096, 2009 WL 3190359, at *7 (E.D. Mich. Sept. 30, 2009).  The *Saltzman* court explained that the plaintiff failed to show "any evidence in the record regarding the amount, frequency, pattern, or content of Defendant's calls that would suggest anything other than a legitimate, albeit persistent effort to reach her."  *Saltzman*, 2009 WL 3190359, at *7; *see also Adams v. Bureau of Collection Recovery, LLC.*, No. 10-CV-12818, (E.D. Mich. May 16, 2011 ) (granting summary judgment because plaintiff failed to provide specific dates, made no

record of the calls, and could not recall the words used during conversations with creditor).

Here, Plaintiff does not provide any call logs nor dates the calls took place; is uncertain about how many conversations occurred and what those conversations consisted of; provides the incorrect telephone number; and never sent a cease and desist letter. *See* ECF DKT # 11-1 at pp. 9-10, 21-23, 37, 44. Plaintiff can only recall one specific conversation with Afni:

> Q. Are you able to tell me the contents of any particular telephone conversation you had with someone at Afni?
> ...
> A. More than likely to the effect that they announced who they were when they called, they are a debt collector trying to resolve the debt, and can I make payment, and if so, when can I do so. And I have explained to them numerous times I am on SSI, I have a fixed income and I have to take care of my home, utilities and family first, and there is no way I can do extra.
> Q. Do you recall anything more specific than that in your telephone conversations with Afni?
> A. Well, there was one time that they stated, Well, you can't pay the bill but you can pay the phone bill? And I said, quote, unquote, "Yes, I can pay my phone bill because if I don't pay my phone bill you people can't call and harass me on a daily basis."

(ECF DKT # 11-1, at pp. 36-37).

Additionally, Defendant points out that the telephone number listed in the Complaint is not Defendant's telephone number. In the Complaint, Plaintiff alleges Afni's telephone number is 301-223-0073. Defendant notes, and Plaintiff concedes, that that telephone number is controlled by Asset Acceptance. (ECF DKT # 10, at p.6). Plaintiff provided that same telephone number for a third company, Enhanced Recovery, in a separate lawsuit. *See* ECF # 10, at p. 2; *see also* No. 1:12-cv-1501, ECF DKT # 1. Plaintiff alleges that she received calls from all three companies over the same relevant time period. *See* ECF DKT # 11-1, at p. 9. However, Plaintiff is not able to distinguish

which calls came from which companies.

Plaintiff is unable to point to any specific calls, or provide any specific facts about the context of the calls. Plaintiff has failed to create a genuine issue of material fact as to Defendant's liability under 15 U.S.C. §§ 1692d and 1692d(5).

### 2. Daily calls do not constitute harassment under 15 U.S.C. § 1692d.

In the absence of call logs to substantiate Plaintiff's claims that calls were continuous and daily, unanswered daily calls are insufficient to show Defendant violated the FDCPA, 15 U.S.C. § 1692d. "The determination whether a debt collector's phone calls amount to actionable harassment or annoyance turns not only on the volume of calls made but also on the pattern of calls. *Saltzman*, 2009 WL 3190359, at *7 (quoting *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F.Supp.2d 492, 505 (D. Md. 2004)). Daily calls do not raise an issue of fact as to harassment. *See Saltzman*, 2009 WL 3190359, at *7; *Millsap v. CCB Credit Services, Inc.*, No. 07-1195, 2008 WL 8511691, at *7 (E.D. Mich. Sept. 30, 2008); *Webb v. Premiere Credit of North America, LLC*, No. 12-CV-2001 JAR/KGS, 2012 WL 5199754, at *3 (D. Kan. Oct. 22, 2012) (stating "[a] high volume of calls, even daily calls, unaccompanied by other egregious conduct is insufficient to raise a triable issue of fact for the jury."). The Eastern District of Michigan established:

> [A]n immediate callback after the debtor has hung up or has indicated his or her unwillingness to speak to the debt collection agency may constitute improper harassment. In contrast, a debt collector does not necessarily engage in harassment by placing one or two calls a day in an unsuccessful effort to reach a debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages. Plaintiff carries the burden of establishing that Defendant's calls in this case ran afoul of § 1692d(5) .
>
> *Saltzman*, 2009 WL 3190359, at *7 (quoting *Millsap*, 2008 WL 8511691, at *7) (internal citations omitted).

8

Plaintiff stated in her Deposition that Defendant called daily and continuously. (ECF DKT #11-1, at p.30).  However, it is unclear from her testimony if Afni was responsible for all of the calls.  Additionally, even if Defendant called daily, that does not mean a FDCPA violation.

Plaintiff relies on *Prewitt v. Wolpoff & Abramson, LLP* to assert there is enough evidence to establish a genuine issue of material fact.  However, in *Prewitt*, the plaintiff alleged there was harassment because the creditor called four times a day.  *Prewitt v. Wolpoff & Abramson, LLP*, No. 05-CV-725S(F), 2007 WL 841778, at *2 (W.D.N.Y. Mar.19, 2007) (denying defendant's motion for summary judgment because a genuine issue of material fact existed as to number of days defendant called plaintiff).  Here, Plaintiff alleges that Defendant called daily.  (ECF DKT # 11-1, at p.30).  Yet, even if the Court takes the allegations as true, daily calls do not rise to the level of harassment under 15 U.S.C. §§ 1692d.  Because Plaintiff fails to show anything beyond daily calls occurred, no genuine issue of material fact exists.

### 3. The record does not contain any evidence that shows Afni's intent under 15 U.S.C. § 1692d(5).

The record does not contain any evidence that shows Afni intended to harass Plaintiff. The FDCPA clearly states that if a debt collector causes a telephone to ring, with the intent to "annoy, abuse, or harass," the  debt collector violates 15 U.S.C. 1692d(5). However, **"**Plaintiff's opinion regarding whether the calls were harassing is not evidence of Defendant's intent."  *Webb*, 2012 WL 5199754, at *3.

Plaintiff argues in her Response to Defendant's Motion for Summary Judgment that

the Court can infer Defendant's intent through "the nature of the telephone calls, their frequency, or the place to which they are made."  (ECF DKT #13, at p.4) (citing *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008)).  However, there is nothing in the record demonstrating abusive language, phone calls to debtor's place of work, re-calling immediately after hanging up, or calls to family members.  The only telephone call that Plaintiff can specifically remember includes an Afni representative asking, "you can't pay the bill, but you can pay the phone bill?"  (ECF DKT #11-1, at p.37).  This alone does not create a genuine issue of material fact for the jury.  Plaintiff's argument fails because there is no conduct in the record from which to infer intent. Therefore, the Court grants Defendant's Motion for Summary Judgment.

**C. Plaintiff Does Not Oppose Summary Judgment Regarding 15 U.S.C. § 1692e(5)**

Plaintiff does not oppose summary judgment with regard to her claim that Afni violated 15 U.S.C. § 1692e(5).  (ECF DKT #13, at p.7).  Section § 1692e(5) of the FDCPA reads, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."  Plaintiff has no objection to the Court's entry of partial summary judgment in favor of Defendant as to this claim.  (ECF DKT #13 at p.7).

Accordingly, the Court grants Defendant's Motion for Summary Judgment with regard to Plaintiff's claim under 15 U.S.C. § 1692e(5).

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion (ECF DKT #10) of Defendant, Afni Incorporated, for Summary Judgment as to all of Plaintiff's claims.

**IT IS SO ORDERED.**

                                                **s/ Christopher A. Boyko**
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

Dated: July 19, 2013